# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRIS KING,** | : | CIVIL NO. 1:10-CV-1595 |
| Petitioner, | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **JEROME WALSH, et al.,** | : | |
| Respondents. | : | |

## ORDER

The Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), the district court is required to give to the Petitioner notice regarding the effects of filing a § 2254 petition in light of the Antiterrorism Effective Death Penalty Act (AEDPA). AEDPA bars state prisoners from attacking their convictions through second or successive habeas corpus petitions except in very limited circumstances. *See* 28 U.S.C. § 2244(b).[1] AEDPA also imposes a one-year statute of limitations on

---

[1] Pursuant to 28 U.S.C. § 2244(b)(3)(A), no second or successive habeas petition under § 2254 is allowed unless there are exceptional circumstances and the petitioner has obtained permission from the appropriate court of appeals. The grounds upon which a claim presented in a second or successive habeas petition will be permitted are limited to two extremely rare circumstances: 1) the claim relies on a new rule of constitutional law that was previously unavailable and that the Supreme Court has made retroactive to cases on collateral review; or 2) the

petitions for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d).[2] "Habeas petitioners must therefore be careful to avoid the twin procedural bars that AEDPA has created." *United States v. Miller*, 197 F.3d 644, 649 (3d Cir. 1999). To avoid making successive claims, petitioners must marshal in one § 2254 petition all of the arguments they have to collaterally attack their convictions. *Id*. And in order to avoid being time barred, a petitioner must take care to file this one all-inclusive petition within the one-year statute of limitations. *Id*.

The Court will grant the Petitioner an opportunity to decide whether to stand on the current petition or to withdraw the current petition so that the Petitioner can file an all-inclusive petition. If the Petitioner elects to withdraw the current petition,

---

factual predicate for the new claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense. Because these grounds are so limited, in most cases they will result in the denial of permission to file a second or successive § 2254 habeas petition, thereby barring the litigation of grounds that had not been presented in the first petition.

[2] 28 U.S.C. § 2244(d) sets forth the statute of limitations. That section sets forth when the statute of limitations begins to run and periods of time which are not counted toward the limitations period. The time that a federal habeas petition is pending is not excluded from the limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker,* 533 U.S. 167, 181-182 (2001)(holding that a federal habeas corpus petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) and thus § 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition).

the Petitioner should be aware that any all-inclusive petition must be filed with the one-year statute of limitations. The Petitioner should carefully consider the one-year statute of limitations provision in 28 U.S.C. § 2244(d) in making this election to either stand on the current petition or to withdraw the current petition so that the Petitioner may file an all-inclusive petition. The filing of the instant petition and the thirty-day period to elect whether to stand on the petition or withdraw the petition does not extend or toll the statute of limitations.

AND NOW, this 18th day of August, 2010, **IT IS ORDERED** that, on or before **September 1, 2010**, the Petitioner shall complete and file the enclosed election form, indicating an election to have the petition construed and ruled upon under 28 U.S.C. § 2254 or to withdraw the current petition. In making this election, the Petitioner should carefully consider all of the provisions of 28 U.S.C. § 2244. If the Petitioner fails to complete and file the attached election form, the petition will be ruled upon under 28 U.S.C. § 2254.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRIS KING,** | : | **CIVIL NO. 1:10-CV-1595** |
| Petitioner, | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **JEROME WALSH, et al.,** | : | |
| Respondents. | : | |

## ELECTION FORM

I, _____, the Petitioner in the above-captioned case, have read the accompanying order in its entirety and make the following election:

\_\_\_ I choose to have the Court rule on my petition as filed under 28 U.S.C. § 2254. I understand that I may be forever barred from presenting in federal court any claim not presented in my petition. I further understand that by doing so I lose my ability to file a second or successive § 2254 petition absent permission by the Court of Appeals.

\_\_\_ I choose to withdraw the petition so that I may file one all-inclusive petition under 28 U.S.C. § 2254 within the applicable statute of limitations. I understand that claims in any future petition may be barred if the petition is not filed within the applicable statute of limitations.

YOUR CHOICE ON THIS FORM, AS WELL AS THE FAILURE TO MAKE A CHOICE, WILL BE BINDING ON YOU AS RELATED TO YOUR LITIGATION IN FEDERAL COURT OF ANY CLAIM RELATED TO THE CUSTODY YOU HAVE CHALLENGED. READ CAREFULLY THE ORDER ACCOMPANYING THIS FORM NOTICE OF ELECTION.

I declare under penalty of perjury that the foregoing is true and correct.

_____  _____
(Signature)                                       (Date)