IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRIS KING, | : | 1:10-cv-1595 |
| | : | |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| JEROME WALSH, *et al.*, | : | |
| | : | |
| Respondents. | : | |

## ORDER

**September 16, 2014**

**AND NOW**, upon consideration of the Report and Recommendation of Chief United States Magistrate Judge Martin C. Carlson (Doc. 18), recommending that the Petitioner's Writ of Habeas Corpus (Doc. 1) be denied because Petitioner's trial attorney made sound tactical choices that were reasonable under the circumstances; the trial court's evidentiary rulings and trial management decisions were proper and fell within the broad range of discretion afforded to trial judges; and habeas challenges to a state court's sentencing discretion are unreviewable by a federal court provided that the sentence lies within the statutory guidelines, and noting that Petitioner has not filed objections and that there is no

clear error on the record,[1] *see Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level") and the Court finding Judge Carlson's analysis to be extremely thorough, well-reasoned, and fully supported by the record **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation of Magistrate Judge Carlson (Doc. 18) is **ADOPTED** in its entirety.

2. The petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

3. The Court **DECLINES** to issue a certificate of appealability.

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); *Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The Court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge
